**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

Kelly Robinson, Linda McGee-Labarre,
Corporsha Merritt, and Carlyn Thompson-
Gordon, individually and on behalf of all
others similarly situated,

               Plaintiffs,                    Case No. 2:16-cv-02018-STA-cgc

v.

On-Call Staffing of Tennessee, Inc., On-Call
Staffing, Inc., E.L. Garner, Jr. and E.L. Garner,
III,

               Defendants.

---

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

---

Plaintiffs Kelly Robinson, Linda McGhee-Labarre, Corporsha Merritt and Carlyn

Thompson-Gordon, individually and on behalf of others similarly situated, filed this action

against On-Call Staffing of Tennessee, Inc., On-Call Staffing, Inc., E. L. Garner Jr., and E. L.

Garner, III, for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et*

*seq*. Defendants have filed a motion to dismiss the individual defendants, E. L. Garner, Jr.

("Garner Jr.") and E. L. Garner, III ("Garner III"), on the ground that they are not employers

within the meaning of 29 U.S.C. § 207(a)(1). (ECF No. 68.) Plaintiffs have filed a response to

the motion. (ECF No. 73.) For the reasons set forth below, the motion to dismiss is **DENIED**.

The Federal Rules of Civil Procedure require that a complaint contain a "short and plain

statement of the claim showing that the pleader is entitled to relief."[1] A complaint may be attacked for failure "to state a claim upon which relief can be granted."[2] When considering a Rule 12(b)(6) motion to dismiss, a Court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party.[3]

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[4] Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[5] That is, a complaint must contain enough facts "to state a claim to relief that is plausible on its face."[6] A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."[8]

---

[1] Fed. R. Civ. P. 8(a)(2).

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

[5] *Id.* (citations omitted).

[6] *Id.* at 570.

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[8] *Id.*

"[A] plaintiff may state a claim to relief under the FLSA by alleging facts sufficient to prove (1) the existence of an employer-employee relationship; (2) the employee's acts are protected by the FLSA; and (3) the employer's failure to pay the employee overtime for those acts.[9]  In the present case, Defendants claim that Plaintiffs have failed to state a FLSA claim because no facts tie Garner Jr. and Garner III to any alleged wrongdoing by On Call Staffing and Garner Jr. and Garner III are not employers within the meaning of the FLSA.

Despite Defendants' contentions, in their answer, they admit that Garner Jr. and Garner III are, in fact, Plaintiffs' employers.[10]  In *Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc.*, 780 F.2d 549 (6th Cir. 1986), the Court determined that the defendant's admission in its answer that it was an employer under the FLSA was binding.[11]  The Court in *Trimas Corp. v. Meyers*, 572 F. App'x 347 (6th Cir. 2014), discussed the holding in *Ferguson*:

> In *Ferguson*, a defendant admitted in its answer to the complaint that it qualified as an "employer" for purposes of the Fair Labor Standards Act. That factual admission, which provided a basis for federal jurisdiction, later precluded the defendant from challenging the district court's subject-matter jurisdiction. We noted in *Ferguson* that judicial admissions eliminate any need to produce evidence on the subject matter of the admission because the admitted fact is no longer at issue.[12]

Accordingly, Defendants' admission in the present case is binding, and whether the individual defendants qualify as Plaintiff's employers "is no longer at issue."

Additionally, Plaintiffs have sufficiently pled facts, which if proved, show that Garner Jr. and Garner III are "employers" under the FLSA and are individually liable to Plaintiffs.  The

---

[9] *Busch v. Metro PCS*, 2016 WL 705226 at *2 (W.D. Tenn. Feb. 18, 2016) (citations omitted).

[10]  (Answer at ¶ 15, ECF No. 27.)

[11]  780 F.2d at 550–51.

[12]  *Trimas Corp.*, 572 F. App'x at 352 (citations omitted).

FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee...."[13] Whether a party is an employer within the meaning of the FLSA is a legal question.[14] An individual may be found to be an employer within the meaning of the FLSA because he controlled significant aspects of the corporation's day-to-day functions, including determining employee salaries.[15]

Plaintiffs allege in their complaint that Garner III is an owner and sole officer of Defendants On-Call Staffing, Inc. and On-Call Staffing of Tennessee, Inc. and has control over the day-to-day operations.[16] Garner Jr. is allegedly at the helm of the business enterprise, and he speaks to his son, Garner III, on a daily basis about the running of the business, offering counsel and making executive decisions when necessary.[17] Defendant Garner Jr. allegedly made the original decision to treat home health nurses as independent contractors.[18]

---

[13] 29 U.S.C. § 203(d).

[14] *See Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) (citing *Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986); *Karr v. Strong Detective Agency, Inc.*, 787 F.2d 1205, 1206 (7th Cir. 1986); *Donovan v. Brandel*, 736 F.2d 1114, 1116 (6th Cir. 1984)).

[15] *See Dole*, 942 F.2d at 965 (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.")).

[16] (Cmplt, ¶ 13, ECF No. 1.) Defendants have admitted this allegation. (Answer, ¶ 13, ECF No. 27.)

[17] (Cmplt, ¶ 14, ECF No 1.) Defendants have denied this allegation. (Answer, ¶ 14, ECF No. 27.)

[18] (*Id.*)

Additionally, as noted by Plaintiffs, Defendants have admitted in their answer the following allegations that support a finding that they exercise operational control of significant aspects of the corporation's day-to-day functions:

"Defendants hire Plaintiffs and similarly-situated nurses to provide home-health and field nursing services. These nurses hold either an RN or LPN license."[19]

"Before Plaintiffs and similarly-situated nurses began working for Defendants, Defendants require that they fill out an application and accompanying paperwork, as well as provide proof of proper licensing, background checks, certifications, and insurance."[20]

"If Plaintiffs and similarly-situated nurses desire to switch shifts with one another, Defendants require they first contact the office and obtain permission."[21]

Defendants have rules and regulations that apply to Plaintiffs, and Plaintiffs are required to adhere to these rules and regulations.[22]

"Defendants provide Plaintiffs and similarly-situated nurses with in-service training relating to topics such as nursing duties, appropriate work attire, and time recordation. Plaintiffs and similarly-situated nurses also attend annual skill labs hosted by Defendants on nursing techniques and procedures."[23]

"Defendants require Plaintiffs and similarly-situated nurses to chart their work and client status in 'nursing notes' every two hours and to submit these notes weekly. Defendants provide

---

[19] (Answer, ¶ 24, ECF No. 27.)

[20] (*Id.* at ¶ 25.)

[21] (*Id.* at ¶ 29.)

[22] (*Id.* at ¶ 33.)

[23] (*Id.* at ¶ 34.)

Plaintiffs and similarly-situated nurses with a template, which displays the On-Call Staffing logo or its partner licensing company's logo."[24]

"If Plaintiffs or similarly-situated nurses' notes do not timely submit nursing notes, Defendants withhold their pay checks."[25]

"Defendants require Plaintiffs and similarly-situated nurses to document their work hours on 'Time Sheet' documents, entitled 'On-Call Staffing, Inc.' and to fax them to Defendants' office. Defendants require nurses to submit these timesheets every week, along with a client representative signature verifying their work hours."[26]

"Defendants compensate Plaintiffs and similarly-situated nurses with an hourly wage for their services."[27]

The Court finds that Plaintiffs have sufficiently pled facts regarding how Defendants, including Garner Jr. and Garner III, control, hire, schedule, supervise, compensate, and train Plaintiffs to show that the individual defendants qualify as employers. Consequently, Defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.


**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 31, 2016.

---

[24] (*Id.* at ¶ 36.)

[25] (*Id.* at ¶ 38.)

[26] (*Id.* at ¶ 39.)

[27] (*Id.* at ¶ 42.)